UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.

MARTHA KINKOR, PERSONAL REPRESENTATIVE
OF THE ESTATE OF KENNETH KINKOR,
                              Plaintiff,
V.
LAWRENCE NEWMAN, M.D.,
UNITED STATES OF AMERICA,
PETER BOSCO, M.D., AND
CAPE COD HOSPITAL,
                              Defendants.

# COMPLAINT

## Introduction

This is a complaint for damages arising from substandard medical care rendered to Kenneth Kinkor by Lawrence Newman, M.D., the United States of America, Peter Bosco, M.D., and Cape Cod Hospital.  Under the Federal Tort Claims Act, the United States of America is the appropriate defendant named in place of Outer Cape Health Services, Inc., which is a federally funded health clinic.  As a direct result of the substandard care rendered by the defendants, Mr. Kinkor suffered a premature and preventable death from myocardial infarction on July 7, 2013 at the age of 59.

## Parties

1.      Plaintiff Martha Kinkor, personal representative for the Estate of Kenneth Kinkor, is an individual who resides in Eastham, Massachusetts.

2.      Defendant Lawrence Newman, M.D. is a physician licensed to practice medicine in the Commonwealth of Massachusetts.

3.      Defendant United States of America is the appropriate Defendant named in place Outer Cape Health Services, Inc., under the Federal Tort Claims Act.

4.      Defendant Peter Bosco, M.D. is a physician licensed to practice medicine in the Commonwealth of Massachusetts.

5.      Cape Cod Hospital is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.

**Jurisdiction and Venue**

6.      The Jurisdiction of this Court is lawful under 28 U.S.C. § 1346(b) and proper as the plaintiff lives in Massachusetts.

7.      Venue is proper within this district under 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Massachusetts.

**Facts Common to All Counts**

8.      On 6/4/13, at approximately 1:16 AM, Mr. Kinkor presented to the Cape Cod Hospital Emergency Department with complaints of intermittent episodes of sharp shooting pain radiating from his left wrist up along his left arm and shoulder, neck, and across his upper chest.

9.      Mr. Kinkor was evaluated by attending ED physician, Peter Bosco, M.D.  Dr. Bosco noted that Mr. Kinkor's pain was most severe in his upper chest and lasted approximately 3 minutes at a time, and that Mr. Kinkor was diaphoretic.

10.      Dr. Bosco ordered a complete blood count with differential, EKG, and shoulder x-ray, but did not order a troponin test or other cardiac studies.

11.       Mr. Kinkor's lab results indicated an elevated white blood cell count at 11.2, elevated chloride at 108, elevated BUN at 29, and elevated glucose at 113.  The shoulder x-ray results came back negative, and the EKG was unremarkable.  Dr. Bosco discharged Mr. Kinkor with a diagnosis of neuralgia, neuritis, and dehydration, and sent him home with pain medications.

12.      On 6/5/13, Mr. Kinkor saw his PCP, Lawrence Newman, M.D., at Outer Cape Health Services to follow up on his chest pain and ED visit.  Dr. Newman noted that Mr. Kinkor had mild nausea and diaphoresis with his chest pain, and ordered a chest x-ray and repeat EKG.

13.      Dr. Newman noted that Mr. Kinkor's EKG showed no change since 2010, and that his symptoms were atypical of a simple shoulder bursitis, but ultimately diagnosed him with unspecified chest pain and shoulder bursitis and tendonitis.

14.      On 6/7/13, Mr. Kinkor called Dr. Newman with complaints of continued chest pain attacks.  Mr. Kinkor informed Dr. Newman that he had experienced 2 attacks that day already.

15.      On 6/7/13, at approximately 3:15 PM, Mr. Kinkor collapsed at home and was found by EMS to be in cardiac arrest with ventricular fibrillation.

16.      EMS started CPR and defibrillation, but was unable to regain a pulse.  Upon arrival at Cape Cod Hospital at approximately 4:25 PM, he was pulseless with no cardiac activity or vital signs.  Mr. Kinkor was pronounced deceased at 4:27 PM.

17.     Mr. Kinkor's death certificate lists his cause of death as coronary artery disease.

18.     Cardiac ischemia occurs when there is an interruption of blood flow to the heart due to blockage or narrowing of the coronary arteries.

19.     A myocardial infarction (MI), also known as a heart attack, occurs when a portion of the heart is deprived of oxygen due to the cardiac ischemia, causing death of heart tissue.

20.     Signs and symptoms of cardiac ischemia include, but are not limited to, development of a new unstable angina.

21.     A patient with a medical history significant for uncontrolled hyperlipidemia and smoking, as well as a family history of strong cardiac disease, including a father and brother with MIs, is at a significantly higher risk for MI and sudden death.

22.      Work up for cardiac ischemia includes, but is not limited to, obtaining and/or ordering cardiac enzyme studies, serum troponin tests, stress tests, EKGs, and CT scans of the coronary arteries, and immediately referring the patient to a cardiologist for further evaluation and treatment.

23.     Treatment for cardiac ischemia includes, but is not limited to, medications, cardiac catheterization, angioplasty with or without stent placement, or coronary artery bypass surgery.  Failure to timely treat cardiac ischemia can result in a myocardial infarction and death, as in Mr. Kinkor's case.

24.     The accepted standard of care from 2013 to the present requires the average qualified internal medicine physician treating a 59-year-old man who has risk factors of tobacco use, family cardiac disease, and presenting with a new onset unstable angina pattern to:  1) recognize and appreciate the patient's signs and symptoms of cardiac ischemia or myocardial infarction; 2) initiate treatment of a beta blocker the same day; 3) order cardiac enzyme studies, troponin tests, stress tests, or CT of the coronary arteries; 4) obtain a cardiology consultation for further evaluation; and 5) send the patient to the hospital for further treatment.

25.     To a reasonable degree of medical certainty, the care and treatment rendered to Kenneth Kinkor by Lawrence Newman, M.D. on 6/4/13 fell below the accepted standard of care at the time for the average qualified internal medicine and primary care physician treating a patient with new symptoms of unstable angina pattern, and risk factors of tobacco use, age, and family cardiac disease when Dr. Newman failed to recognize and appreciate Mr. Kinkor's signs and symptoms of cardiac ischemia; failed to initiate treatment with a beta blocker that day; failed to order cardiac enzyme studies, a serum troponin test, a stress test, and/or a CT of the coronary arteries; failed to offer, obtain, or order a cardiology consultation and evaluation; and failed to hospitalize Mr. Kinkor for further treatment and observation.

26.     Had Dr. Newman complied with the accepted standard of care, Mr. Kinkor's cardiac ischemia would have been diagnosed and treated as early as 6/5/13, and more likely than

not, Mr. Kinkor would not have suffered a premature and preventable death on 6/7/13.

27.     To a reasonable degree of medical certainty, as a direct result of the substandard care rendered by Dr. Newman, Mr. Kinkor's cardiac ischemia went undiagnosed and untreated, resulting in a myocardial infarction, and his premature and preventable death.

28.     The accepted standard of care from 2013 to the present requires the average qualified emergency medicine physician treating a 59-year-old man who has risk factors of tobacco use, family cardiac disease, and presenting with a new onset unstable angina pattern to: 1) recognize and appreciate the patient's signs and symptoms of cardiac ischemia or myocardial infarction; 2) initiate treatment of a beta blocker the same day; 3) order cardiac enzyme studies, troponin tests, stress tests, or CT of the coronary arteries; 4) obtain a cardiology consultation for further evaluation; and 5) admit the patient for further treatment.

29.     To a reasonable degree of medical certainty, the care and treatment rendered to Kenneth Kinkor by Peter Bosco, M.D. on 6/4/13 fell below the accepted standard of care at the time for the average qualified emergency medicine physician treating a patient with new symptoms of unstable angina pattern, and risk factors of tobacco use, age, and family cardiac disease when Dr. Bosco failed to recognize and appreciate Mr. Kinkor's signs and symptoms of cardiac ischemia, failed to initiate treatment with a beta blocker that day, failed to order cardiac enzyme studies, a serum troponin test, a stress test, and/or a CT of the coronary arteries, failed to obtain a cardiology consultation and evaluation, and failed to hospitalize Mr. Kinkor for further treatment and observation.

30.     Had Dr. Bosco complied with the accepted standard of care as testified to by Dr. Stolbach, Mr. Kinkor's cardiac ischemia would have been diagnosed and treated as early as 6/4/13, and more likely than not, Mr. Kinkor would not have suffered a premature and preventable death on 6/7/13.

31.     To a reasonable degree of medical certainty, as a direct result of the substandard care rendered by Dr. Bosco, Mr. Kinkor's cardiac ischemia went undiagnosed and untreated, resulting in a myocardial infarction, and his premature and preventable death.

### Exhaustion of Administrative Remedies

The plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act and all statutory prerequisites to the filing of this complaint have been satisfied.

## Count I.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The defendant, Lawrence Newman, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lawrence Newman, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Lawrence Newman, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Lawrence Newman, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013, and his failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

   WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count II.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Lawrence Newman, M.D., the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count III.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The defendant, Lawrence Newman, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lawrence Newman, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Lawrence Newman, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lawrence Newman, M.D., or by the gross negligence of the defendant on or about 6/4/2013 - 6/7/2013.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count IV.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lawrence Newman, M.D., the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count V.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, the defendant, Lawrence Newman, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Lawrence Newman, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Lawrence Newman, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Kenneth Kinkor.

5. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Lawrence Newman, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D.,

for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VI.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Lawrence Newman, M.D., the plaintiff's decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count VII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 6/4/2013 - 6/7/2013, the defendant, Lawrence Newman, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Lawrence Newman, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Lawrence Newman, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Lawrence Newman, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VIII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the defendant, Lawrence Newman, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Lawrence Newman, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count IX.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The plaintiff repeats the allegations set forth above as if fully contained herein.

3. The defendant, United States of America, is the appropriate defendant named in place of Outer Cape Health Services, Inc., under the Federal Tort Claims Act.

4. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to 28 U.S.C. §§ 1346 and 2671 et seq.

5. Jurisdiction is based on 28 U.S.C. § 1346(b), the Federal Tort Claims Act.

6. All statutory conditions precedent to filing suit have been met.

7. At all times relevant to this complaint, the defendant, United States of America, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that

it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

8. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, United States of America, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

9. The death of Kenneth Kinkor and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, United States of America, by its agents, servants, or employees, including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013, and its failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition; and

   f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count X.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Nine of Count IX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the carelessness and negligence of the defendant, United States of America, by its agents, servants, or employees, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, in an amount to be determined by a jury, together with interest and costs.

## Count XI.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The defendant, United States of America, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 3130 State Hwy, Rte 6, Wellfleet, MA 02667, in Barnstable County, Massachusetts.

3. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, United States of America, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, United States of America, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, United States of America, by its agents, servants, or employees, or by the gross negligence of the defendant on or about 6/4/2013 - 6/7/2013.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Nine of Count XI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, United States of America, by its agents, servants, or employees, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XIII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Nine of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, the defendant, United States of America, by its agents, servants, or employees, contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, United States of America, by its agents, servants, or employees, expressly and impliedly warranted to the plaintiff's decedent that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 6/4/2013 - 6/7/2013, the defendant, United States of America, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty, which breach resulted in the death of Kenneth Kinkor.

5. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, United States of America's breach of express and implied warranties.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America,

for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XIV.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count XIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, United States of America, by its agents, servants, or employees, the plaintiff's decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

   WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, in an amount to be determined by a jury, together with interest and costs.

## Count XV.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 6/4/2013 - 6/7/2013, the defendant, United States of America, by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 6/4/2013 - 6/7/2013, the defendant, United States of America, by its agents, servants, or employees, did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, United States of America, by its agents, servants, or employees, had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, United States of America, by its agents', servants', or employees' failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVI.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XV above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the defendant, United States of America, by its agents', servants', or employees' failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, United States of America, in an amount to be determined by a jury, together with interest and costs.

## Count XVII.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The defendant, Peter Bosco, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Peter Bosco, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Peter Bosco, M.D., who negligently, carelessly, and without regard

for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Peter Bosco, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013, and his failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVIII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Peter Bosco, M.D., the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XIX.

1. The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2. The defendant, Peter Bosco, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Peter Bosco, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Peter Bosco, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Peter Bosco, M.D., or by the gross negligence of the defendant on or about 6/4/2013 - 6/7/2013.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XX.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XIX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Peter Bosco, M.D., the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXI.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, the defendant, Peter Bosco, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Peter Bosco, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Peter Bosco, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Kenneth Kinkor.

5. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Peter Bosco, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count XXI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Peter Bosco, M.D., the plaintiff's decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XXIII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 6/4/2013 - 6/7/2013, the defendant, Peter Bosco, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Peter Bosco, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Peter Bosco, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Peter Bosco, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXIV.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3.  As the direct and proximate result of the defendant, Peter Bosco, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Peter Bosco, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XXV.

1.  The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2.  The defendant, Cape Cod Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 27 Park Street, Hyannis, MA 02601, in Barnstable County, Massachusetts.

3.  This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4.  At all times relevant to this complaint, the defendant, Cape Cod Hospital, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5.  On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Cape Cod Hospital, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6.  The death of Kenneth Kinkor and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Cape Cod Hospital, by its agents, servants, or employees, including, but not limited to the following:

    a.  Defendant's misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013;

    b.  Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 6/4/2013 - 6/7/2013, and its failure to prescribe proper and timely treatment for said condition;

    c.  Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or

should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

d.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

e.  Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition; and

f.  Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXVI.

1.  The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXV above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3.  As the direct and proximate result of the carelessness and negligence of the defendant, Cape Cod Hospital, by its agents, servants, or employees, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, in an amount to be determined by a jury, together with interest and costs.

## Count XXVII.

1.  The plaintiff, Martha Kinkor, is the duly appointed Personal Representative of the Estate of Kenneth Kinkor and is a resident of Eastham, Barnstable County, Massachusetts.

2.  The defendant, Cape Cod Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 27 Park Street, Hyannis, MA 02601, in Barnstable County, Massachusetts.

3.  This action is brought to recover for the wrongful death of Kenneth Kinkor for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Cape Cod Hospital, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 6/4/2013 - 6/7/2013.

5. On or about 6/4/2013 - 6/7/2013, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Cape Cod Hospital, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 6/7/2013.

6. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Cape Cod Hospital, by its agents, servants, or employees, or by the gross negligence of the defendant on or about 6/4/2013 - 6/7/2013.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXVIII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXVII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Cape Cod Hospital, by its agents, servants, or employees, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXIX.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXV above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, the defendant, Cape Cod Hospital, by its agents, servants, or employees, contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Cape Cod Hospital, by its agents, servants, or employees, expressly and impliedly warranted to the plaintiff's decedent that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Cape Cod Hospital, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty, which breach resulted in the death of Kenneth Kinkor.

5. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Cape Cod Hospital's breach of express and implied warranties.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXX.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count XXIX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Cape Cod Hospital, by its agents, servants, or employees, the plaintiff's decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, in an amount to be determined by a jury, together with interest and costs.

## Count XXXI.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXV above, as if expressly rewritten and set forth herein.

2. On or about 6/4/2013 - 6/7/2013, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 6/4/2013 - 6/7/2013, the defendant, Cape Cod Hospital, by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 6/4/2013 - 6/7/2013, the defendant, Cape Cod Hospital, by its agents, servants, or employees, did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Cape Cod Hospital, by its agents, servants, or employees, had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Kenneth Kinkor and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Cape Cod Hospital, by its agents', servants', or employees' failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXXII.

1. The plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXXI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Kenneth Kinkor.

3. As the direct and proximate result of the defendant, Cape Cod Hospital, by its agents', servants', or employees' failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Kenneth Kinkor, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Martha Kinkor, as duly appointed Personal Representative of the Estate of Kenneth Kinkor, prays judgment against the defendant, Cape Cod Hospital, in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted,
The plaintiff,
By her attorney,


/s/ Adam R. Satin
ADAM R. SATIN
BBO #633069
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447