UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 1:15-CV-14126-NMG

|  |  |
|---|---|
| MARTHA KINKOR, PERSONAL REPRESENTATIVE OF THE ESTATE OF KENNETH KINKOR, <br>     Plaintiff, <br><br> v. <br><br> LAWRENCE NEWMAN, M.D., UNITED STATES OF AMERICA, PETER BOSCO, M.D. AND CAPE COD HOSPITAL, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT, CAPE COD HOSPITAL'S MOTION TO TRANSFER CASE TO SUFFOLK SUPERIOR COURT PURSUANT TO M.G.L. C. 231, §60B FOR A MEDICAL MALPRACTICE TRIBUNAL**

1. Now comes the defendant, Cape Cod Hospital, and hereby respectfully requests that this Court transfer the Complaint of the Plaintiff, Martha Kinkor to the Superior Court, pursuant the Defendant's statutory right to a medical malpractice tribunal in the Massachusetts Superior Court, as set forth in Mass. Gen. L. Ch. 231, § 60B. (Exhibit "1").

2. As grounds for this Motion, the Defendant states that Plaintiff alleges that on or about June 4, 2013 to June 7, 2013, Plaintiff's decedent submitted himself to the care and treatment of Defendant, Cape Cod Hospital, and his subsequent death and the damage to his estate were the direct and proximate result of the carelessness, unskillfulness, negligence and importer care and treatment rendered by Cape Cod Hospital, its agents, servants, or employees.

996397.1

3. Pursuant to Mass. Gen. L. Ch. 231, § 60 every action for malpractice, error or mistake against a provider of health care *requires* a tribunal consisting of a single justice of the Superior Court. See Mass. Gen. L. Ch. 231, § 60B; Austin v. Boston University Hospital, 372 Mass. 654, 660 (1977); Anderson v. Attar, 65 Mass. App. Ct. 910, 911 (2006); and Little v. Rosenthal, 376 Mass. 573, 576 (1978). Therefore, a medical malpractice action filed in a court, other than the Superior Court, *requires* referral to a medical malpractice tribunal in the Superior Court. Austin, 372 Mass. at 660; See also Anderson, 65 Mass. App. Ct. at 911.

4. The Supreme Judicial Court has further held that Section 60B includes all treatment related claims, with no apparent exceptions. Little, 376 Mass. at 576. As such, the alleged treatment Plaintiff's decedent received at Cape Cod Hospital falls within the medical malpractice statute. Therefore, the District Court does not have jurisdiction to hear the Plaintiff's medical negligence claims, and the Court should remove this case to the Suffolk Superior Court for purposes of a tribunal.

5. For the foregoing reasons, the Defendant, Cape Cod Hospital, respectfully requests that this Court transfer the Complaint of the Plaintiff, Martha Kinkor, to the Superior Court, pursuant to the Defendant's statutory right to a medical malpractice tribunal in the Massachusetts Superior Court, as set forth in Mass. Gen. L. Ch. 231, § 60B.

6. Defendant's Request for Medical Malpractice Tribunal is attached hereto at Exhibit "2".

Respectfully submitted,

The defendant,
Cape Cod Hospital,
By its attorneys,

/s/ - Edward T. Hinchey
Edward T. Hinchey, BBO #235090
Tanya K. Oldenhoff, BBO #651006
Sloane and Walsh, LLP
Three Center Plaza, 8th Floor
Boston, Massachusetts 02108
(617) 523-6010
ehinchey@sloanewalsh.com
toldenhoff@sloanewalsh.com

Date: January 29, 2016

996397.1

CERTIFICATE OF SERVICE

    I, Edward T. Hinchey, Esquire, do hereby certify that on this 29th day of January, 2016, I served a copy of the foregoing documents via first class mail, postage prepaid, to the following counsel of record:

For the Plaintiff:
Adam R. Satin, Esquire  BBO#633069
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

    /s/ - Edward T. Hinchey
    Edward T. Hinchey

996397.1