> Massachusetts General Laws Annotated
>   Part III. Courts, Judicial Officers and Proceedings in Civil Cases (Ch. 211-262)
>     Title II. Actions and Proceedings Therein (Ch. 223-236)
>       Chapter 231. Pleading and Practice (Refs & Annos)

M.G.L.A. 231 § 60B

§ 60B. Malpractice actions against providers of health care; tribunal

Effective: November 7, 2006
Currentness

Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result.

Said physician shall be selected by the single justice from a list submitted by the Massachusetts Medical Society representing the field of medicine in which the alleged injury occurred and licensed to practice medicine and surgery in the commonwealth under the provisions of section two of chapter one hundred and twelve. The list submitted to the single justice shall consist only of physicians who practice medicine outside the county where the defendant practices or resides or if the defendant is a medical institution or facility outside the county where said institution or facility is located. The attorney shall be selected by the single justice from a list submitted by the Massachusetts Bar Association. The attorney and physician shall, subject to appropriation, each be compensated in the amount of fifty dollars.

Where the action of malpractice is brought against a provider of health care not a physician, the physician's position on the tribunal shall be replaced by a representative of that field of medicine in which the alleged tort or breach of contract occurred, as selected by the superior court justice in a manner he determines fair and equitable.

Where there are codefendants representing more than one field of health care the superior court justice shall determine in his discretion who shall represent the health care field on the tribunal.

Each such action for malpractice shall be heard by said tribunal within fifteen days after the defendant's answer has been filed. Substantial evidence shall mean such evidence as a reasonable person might accept as adequate to support a conclusion. Admissible evidence shall include, but not be limited to, hospital and medical records, nurses' notes, x-rays and other records kept in the usual course of the practice of the health care provider without the necessity for other identification or authentication, statements of fact or opinion on a subject contained in a published treatise, periodical, book or pamphlet or statements by experts without the necessity of such experts appearing at said hearing. The tribunal may upon the application of either party or upon its own decision summon or subpoena any such records or individuals to substantiate or clarify any evidence which has been presented before it and may appoint an impartial and qualified physician or surgeon or other related professional person or expert to conduct any necessary professional or expert examination of the claimant or relevant evidentiary matter and to report or to testify as a witness thereto. Such a witness shall be allowed traveling expenses and a reasonable fee to be fixed by the tribunal which shall be assessed as costs. The testimony of said witness and the decision of the tribunal shall be admissible as evidence at a trial.

If a finding is made for the defendant or defendants in the case the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant or defendants in the case for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

For the purposes of this section, a provider of health care shall mean a person, corporation, facility or institution licensed by the commonwealth to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, social worker, or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment.

The expenses and compensation of said tribunal shall be paid by the commonwealth, provided, however, that the pro rata percentage of such expenses and compensation engendered by actions brought against providers of health care registered under chapter one hundred and twelve shall not be in excess of the amounts received by the commonwealth for registration fees for such providers of health care under said chapter one hundred and twelve, less the amount expended for expenses and compensation of the respective boards of registration of said providers of health care under said chapter one hundred and twelve.

Whenever the tribunal makes a finding, the clerk of the court shall, no later than fifteen days after such finding, send a copy of the complaint and finding to the board of registration in medicine.

Upon entry of judgment, settlement, or other final disposition at trial court level, the clerk shall, no later than fifteen days after such entry, send a copy of the judgment, settlement or other final disposition, to the board of registration in medicine. The terms of such judgment, settlement, or other final disposition shall not be sealed by agreement of the parties or by any other means and shall be available for public inspection, except, however, the identity of the plaintiff may be kept confidential by the board.

**Credits**
Added by St.1975, c. 362, § 5. Amended by St.1985, c. 759, § 3; St.1986, c. 351, §§ 21, 22; St.1988, c. 199, § 41; St.2006, c. 217, eff. Nov. 7, 2006.

Notes of Decisions (335)

M.G.L.A. 231 § 60B, MA ST 231 § 60B
Current through Chapter 171 of the 2015 1st Annual Session and Chapter 5, except for Chapter 1, of the 2016 2nd Annual Session

**End of Document**    © 2016 Thomson Reuters. No claim to original U.S. Government Works.